Ryan Lee, Esq. (SBN 235879)
Nick J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Suite 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff
MIKE SWICK

# IN THE UNITED STATES DISTRICT COURT,
## EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION

| | |
|---|---|
| MIKE SWICK, | **Case No.:** |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | |
| Defendant. | |

## COMPLAINT

MIKE SWICK (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Springboro, Warren and Montgomery County, Ohio, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or

- 2 -

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

## FACTUAL ALLEGATIONS

11. Defendant constantly and continuously places collection calls to Plaintiff demanding payment for an alleged debt.

12. Defendant constantly and continuously calls Plaintiff asking to talk to collect from Plaintiff's daughter. Defendant has been notified on numerous occasions to not contact Plaintiff regarding Plaintiff's daughter's alleged debt. However, Defendant continues to contact Plaintiff seeking payment (see letter from Plaintiff's daughter attached hereto as Exhibit "A").

13. Defendant began to use abusive language while seeking and demanding payment for an alleged debt. Defendant stated "you should have raised your daughter better" when seeking and demanding payment for an alleged debt.

14. Despite repeated request to cease communication regarding the alleged debt, Plaintiff has continued to receive collection calls from Defendant.

15. Defendant failed to notify the Plaintiff that it was a debt collector. They further failed to notify the Plaintiff that anything said during the conversation would be used in the collection of the alleged debt.

16. Defendant is attempting to collect on a debt not owed by Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(1)* of the FDCPA by contacting a third party and failing to identify itself.

    b. Defendant violated *§1692b(2)* of the FDCPA by contacted a third party and

- 3 -

stating that a consumer owes a debt.

c.  Defendant violated *§1692b(3)* of the FDCPA by contacting a third party more than once when requested not to do so.

d.  Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

e.  Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

f.  Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

g.  Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

h.  Defendant violated *§1692e(10)* of the FDCPA by using false representation and deceptive means to collect a debt or obtain information about a consumer.

i.  Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication that the debt collector is attempting to collect debt and that any information will be used for the purpose.

j.  Defendant violated *§1692f(1)* of the FDCPA by attempting to collect an amount not authorized by the agreement creating the debt or permitted by law.

18. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, MIKE SWICK, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

19. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

- 4 -

COMPLAINT

20. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Actual damages,

22. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

23. Any other relief that this Honorable Court deems appropriate.

24.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MIKE SWICK, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED:  January 15, 2009                    KROHN & MOSS, LTD.


By: /s/ Ryan Lee
                                                    Ryan Lee

                                                    Attorney for Plaintiff

- 5 -

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO

Plaintiff, MIKE SWICK, states as follows:

1.  I am the Plaintiff in this civil proceeding.
2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5.  I have filed this Complaint in good faith and solely for the purposes set forth in it.
6.  Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MIKE SWICK, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: ___1/9/09___                    _____
                                                          MIKE SWICK

- 6 -

COMPLAINT

1
2
3
4 .
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# **EXHIBIT A**

COMPLAINT

1/16/09

To Whom It May Concern:

This is in regards to the harassment I have been getting from NCO Financial. The company called my parents numerous times and told them I owed NCO money. My dad (Mike Swick) was very upset. He said the person from NCO told him that I owed money and needed to pay, they then went on to say that if my dad had raised me better they wouldn't be calling him. They also said that I was a bad person for not paying my debts.

This has caused me a lot of embarrassment. My parents should not be involved in my personal matters.

Caitlin Swick

1
2
3
4

## **EXHIBIT B**

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

- 8 -

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness ................................................ YES   NO
2. Fear of answering the telephone ........................ YES   NO
3. Nervousness ................................................. YES   NO
4. Fear of answering the door ............................... YES   NO
5. Embarrassment when speaking with family or friends ... YES   NO
6. Depressions (sad, anxious, or "empty" moods) ......... YES   NO
7. Chest pains ................................................. YES   NO
8. Feelings of hopelessness, pessimism .................... YES   NO
9. Feelings of guilt, worthlessness, helplessness ......... YES   NO
10. Appetite and/or weight loss or overeating and weight gain ... YES   NO
11. Thoughts of death, suicide or suicide attempts ........ YES   NO
12. Restlessness or irritability ............................. YES   NO
13. Headache, nausea, chronic pain or fatigue ............. YES   NO
14. Negative impact on my job .............................. YES   NO
15. Negative impact on my relationships ................... YES   NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____

_____

_____

_____

_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 1/9/09

Signed Name

Mike Sevick
Printed Name